**UNITED STATES of America,**
**Appellee,**

v.

**Andrew BRADSHAW, Defendant–**
**Appellant.**

**No. 08–0020–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 24, 2008.

Melissa Tuohey, Assistant Federal Public Defender (James P. Egan, Research & Writing Specialist, on the brief), for Alexander Bunin, Federal Public Defender for the Northern District of New York, Syracuse, NY, for Appellant.

Elizabeth S. Riker (John M. Katko, on the brief), Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

Present: Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.*

## SUMMARY ORDER

Defendant-appellant Andrew Bradshaw appeals from a 30–month prison sentence imposed for violating the terms of supervised release. We assume familiarity with the facts and procedural history.

We review interpretations of law *de novo*, factual findings for clear error, and the overall criminal sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. *See, e.g., United States v. Villafuerte*, 502 F.3d 204, 206–07 (2d Cir.2007). Sentencing issues not raised in the district court because of oversight, however, are deemed forfeited on appeal unless they meet our standard for plain error. *See id.* at 207.

The principal issue raised by this appeal is whether the district court erred when it observed in the course of sentencing that it was "difficult . . . to understand why [Bradshaw] should get any additional break" when he already had been permitted to plead to a class E felony in state court even though he in fact had committed a class B felony under New York law. Because Bradshaw did not object at sentencing to the district court's supposed

* The Honorable Rosemary S. Pooler having recused herself, this appeal is being decided by the remaining two members of the panel pursuant to § 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

reliance on this finding, our review is for plain error.

The challenged finding here is based on two premises: first, that Bradshaw actually committed a more serious crime than the one to which he pleaded guilty in state court; and second, that because of this, he received a "break" when he was sentenced to a maximum of three years. We do not think the district court committed plain error in relying on either of these premises.

As to the first premise, New York Penal Law provides that the sale of heroin or cocaine constitutes at least criminal sale in the third degree, a class B felony. *See* N.Y. Penal Law § 220.39. If the sale involves a half-ounce or more, it constitutes criminal sale in the second degree, a class AII felony. *See id.* § 220.41. Furthermore, a conspiracy to commit a class B felony is considered conspiracy in the fourth degree, which itself is a class E felony. *See id.* § 105.10. And a conspiracy to commit a class A felony is considered conspiracy in the second degree, which itself is a class B felony. *See id.* § 105.15.

Bradshaw pleaded guilty in state court to conspiracy in the fourth degree, suggesting that the substantive offense that he conspired to commit was criminal sale in the third degree—the sale of less than a half-ounce of heroin or cocaine. For the district court to determine that Bradshaw in fact had committed a class B felony, namely conspiracy in the second degree, it would have had to conclude that the underlying offense that Bradshaw conspired to commit was a class A felony involving the sale of at least a half-ounce of heroin or cocaine. In other words, the district court's statement that "what [Bradshaw] committed was a class B felony" amounted to a conclusion that Bradshaw's conspiracy had involved at least a half-ounce of narcotics.

At the revocation hearing, Bradshaw admitted that he had been arrested by the Syracuse City Police Department as part of Operation Thunder and Lightening in connection with "a conspiracy to traffic cocaine and heroin involving approximately 87 codefendants." It is true that the record contains little evidence about the details of Bradshaw's offense. But we do not think the district court plainly erred in concluding that where Bradshaw's arrest had been part of a large sting operation resulting in drug charges against 87 individuals, Bradshaw likely had participated in a drug conspiracy involving at least a half-ounce of narcotics, and therefore actually had committed a class B felony, instead of a class E felony.

Nor do we find plain error in the district court's second premise—that Bradshaw had been treated leniently in state proceedings. Because Bradshaw had been convicted of violating 21 U.S.C. § 846 in the Northern District of New York, he came within the ambit of New York Penal Law § 70.06 when he was sentenced in October 2007 in state court for participating in a subsequent narcotics conspiracy. That statute, which provides penalties for "second felony offender[s]," provides in relevant part that if a previously convicted felon is convicted of a subsequent class B felony under New York law, the minimum sentence is nine years and the maximum sentence is 25 years, while if he is convicted of a class E felony, the minimum sentence is three years and the maximum sentence is four years. N.Y. Penal Law § 70.06(3)(b), (e). It therefore was reasonable for the district court to conclude that if Bradshaw in fact had committed a class B felony, but was permitted to plead guilty in state court only to a class E felony, he had benefitted substantially at sentencing. Accordingly, we are not persuaded that the district court committed plain error in

inferring from Bradshaw's statements at sentencing that Bradshaw actually had committed the crime with which he was charged in state court, but had secured a favorable plea agreement with the prosecution that allowed him to plead to a lesser included offense.

In addition, contrary to Bradshaw's contention, it is clear from the record that the sentencing court did not focus unreasonably on the conduct constituting the violation of supervised release. *See United States v. Sindima*, 488 F.3d 81, 86–87 (2d Cir.2007) (noting that "sentences for probation violations are not intended to punish defendants for the conduct underlying the violation as if that conduct were being sentenced as new federal criminal conduct," but also stating that the nature and circumstances of the violation may be "relevant in assessing the severity of [the defendant's] breach of trust" (citations and quotations omitted)). The court appropriately based the sentence here on its perception that Bradshaw violated the court's trust, and thus was not entitled to the further clemency that defense counsel requested on his behalf. In the district court's words, Bradshaw "was convicted here and he was serving a sentence of probation from this court and he went right back and into the identical behavior that he had been sentenced for and . . . was on probation for." We do not think it was plain error for the district court to conclude that in these circumstances, Bradshaw was not entitled to further consideration than he had already received in connection with the state proceedings. *Cf. United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005) (approving sentence for violation of supervision as procedurally reasonable where district court noted, among other things, "that the Defendant had been given the benefit of a substantial departure for his cooperation in connection

his sentence" on the charge giving rise to the supervised release sentence).

Insofar as Bradshaw challenges the substantive reasonableness of his sentence, we reject the argument. We have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Although 30 months' imprisonment was the highest applicable Guidelines sentence, it still was within the Guidelines range. And we have no trouble concluding that the district court was within the bounds of its discretion when it determined that Bradshaw deserved a high Guidelines sentence in light of the fact that he violated the court's trust while on supervision by committing the same type of crime for which he was sentenced initially.

Accordingly, the judgment of the district court hereby is **AFFIRMED**.